UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. CR-10-192 |
|---|---|---|
| v. | : | |
| ARTHUR V. REEDER, | : | FILED |
| | : | JUL 15 2010 |
| Defendant. | : | UNDER SEAL |

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### GOVERNMENT'S MOTION TO SEAL THE PLEA HEARING, INFORMATION, RELATED PLEADINGS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the plea hearing in this case, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a criminal information charging unlawful distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

In this matter the sealing is necessary because the plea agreement and related pleadings contain sensitive information, disclosure of which would not be in the best interest of the defendant, the government, or the public. In this matter the defendant has agreed to cooperate with the government. It is vital that any information concerning his having pleaded guilty or for that matter that a case is pending in this district be kept sealed for the time being.

Furthermore, based upon the fact that a criminal investigation is ongoing, public disclosure of the defendant's cooperation and assistance to the government would likely compromise the ongoing investigation as follows: (1) public disclosure would jeopardize the personal safety of the cooperating defendant, undercover police officers and/or innocent parties; (2) public disclosure would alert potential targets of the investigation and cause the cooperating defendant to become reluctant to continue his cooperation; (3) public disclosure would cause potential witnesses, including the cooperating defendant to be reluctant to testify or to be less likely to provide truthful testimony to the grand jury; and (4) public disclosure would cause potential witnesses and targets to destroy documents and/or other evidence.

Each of these factors is particularly important in this matter because violent reprisals are common to major criminal violations in general. It is common practice for individuals associated with criminal organizations to obtain a PACER password and to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal against former associates. Moreover, it is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, and law enforcement officials taking part in the covert investigation, and in some cases innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing if the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to personal safety of cooperating individual(s); and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 953 F.2d 282, 289 (D.C. Cir. 1991).

The government requests that the Court allow for a limited exception to the sealing requirement so that the government may obtain from the Clerk's Office official copies of the plea agreement, factual proffer, this motion, and the accompanying sealing Order once those documents are filed and processed by the Clerk's Office. It is further requested that the government may obtain from the court reporter a copy of the official transcript of the plea proceedings and any other proceedings in this matter.

[Cont.]

WHEREFORE, it is respectfully requested that this motion be granted.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        UNITED STATES ATTORNEY

By:    _____
        B. PATRICK COSTELLO, JR.
        Assistant U.S. Attorney
        Organized Crime and Narcotics Trafficking Section
        555 4th Street, N.W., Room 4112
        Washington, D.C.  20530
        202-514-9416
        B.Patrick.Costello@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this motion and the accompanying proposed order has been served by e-mail [valawyer@erols.com] upon counsel for the defendant, Pleasant S. Brodnax, Esquire, on July 12, 2010.

_____
B. PATRICK COSTELLO, JR.
ASSISTANT UNITED STATES ATTORNEY